UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA BETTS, | No. 2:13-cv-01486-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| CPS, et al., | |
| Defendants. | |

Plaintiff, who is proceeding without counsel, filed her complaint and an application to proceed in forma pauperis on July 24, 2013.[1]  (ECF Nos. 1-2.)  For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis (ECF No. 2), but dismisses her complaint without prejudice.  Plaintiff shall have leave to file an amended complaint.

I.    Plaintiff's Application To Proceed In Forma Pauperis

Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration (ECF No. 2) make the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

////

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

II. <u>Screening Plaintiff's Complaint</u>

    a. *General Screening Standards*

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards. See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

1   face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550
2   U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content
3   that allows the court to draw the reasonable inference that the defendant is liable for the
4   misconduct alleged." Id. The court accepts all of the facts alleged in the complaint as true and
5   construes them in the light most favorable to the plaintiff. Autotel v. Nev. Bell Tel. Co., 697 F.3d
6   846, 850 (9th Cir. 2012); Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is
7   "not, however, required to accept as true conclusory allegations that are contradicted by
8   documents referred to in the complaint, and [the court does] not necessarily assume the truth of
9   legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559
10  F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading
11  liberally to determine if it states a claim and, prior to dismissal, must tell the plaintiff of
12  deficiencies in the complaint and give the plaintiff an opportunity to cure those deficiencies if it
13  appears at all possible that the plaintiff can do so. See, e.g., Lopez, 203 F.3d at 1130-31; see also
14  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe
15  pro se filings liberally even when evaluating them under the standard announced in Iqbal).
16          Federal courts are courts of limited jurisdiction. Vacek v. UPS, 447 F.3d 1248, 1250 (9th
17  Cir. 2006). The plaintiff has the burden of establishing that subject matter jurisdiction is proper.
18  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A federal court has an
19  independent duty to assess whether federal subject matter jurisdiction exists, whether or not the
20  parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960,
21  967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter
22  jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not");
23  accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996) ("federal courts are under an
24  independent obligation to examine their own jurisdiction") (citation omitted). Federal district
25  courts "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and
26  "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary
27  affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and
28  quotation marks omitted). The court must *sua sponte* dismiss a case for lack of subject matter

1  jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject

2  matter jurisdiction, the court must dismiss the action."); see also Scholastic Entmt., Inc. v. Fox

3  Entmt. Group, Inc., 336 F.3d 982, 989 (9th Cir. 2003).

4              b.  *Allegations In Plaintiff's Complaint*

5          Plaintiff's complaint is in the form of a letter to the court.  (Compl., ECF No. 1.)

6  Although the factual allegations are rather unclear, they seem to arise from state family court

7  judgment(s) denying plaintiff of custody of one or more of her minor grandchildren: J., A., L.,

8  and/or K, and conduct by Child Protective Services ("CPS") in connection with such judgments.[2]

9  (Id. at 2, 5.)

10         Plaintiff alleges that "while in court for my [g]randdaughter J.[,] the Judge brought up a

11  case[] that had nothing to do with J."  (Id. at 2.)  Plaintiff alleges that she and her daughter Orlean

12  Cooper Richards were not given custody of seventeen-year-old J., and that instead of being

13  approved for placement with "kinship," J. was adopted by another family to whom she is not

14  biologically related.  (Id. at 2.)  Plaintiff alleges that on August 13, 201[3], the family court judge

15  stated that "on August 26, 2013, when we returned to court, she would give the order to return J.

16  home.  This did not happen[;] instead J. was held over 90 days" with an "open CPS case" and

17  then ultimately adopted by someone else.[3]  (Id.)

18         Plaintiff alleges that the family court falsely accused her of having a negative "CPS

19  history," an alleged falsehood that the court "used against" plaintiff and her daughter and that led

20  to the family court's placing J. with an adoptive family.  (Id. at 2-3.)  According to plaintiff,

21  "[m]y complaint is that CPS along with the family court used a 17 year-old young woman (my

22  granddaughter) and a 70 year old handicapped woman with no prior CPS history (myself) against

23  each other, in order to take away my grandchildren whom I have every legal right to have."  (Id.

---

[2] Plaintiff's pleading does not specify the county in which the relevant state family court sits, nor does it specify the relevant county CPS office.  Any amended pleading should clarify the counties in which the relevant state family court and the CPS office(s) are located.

[3] Plaintiff's pleading gives the date of August 13, 2012, but the year appears to be a typographical error.  It appears plaintiff intended to write August 13, 2013.  Plaintiff should clarify the alleged dates in any amended pleading.

at 3.) Plaintiff also alleges that "the court along with CPS bullied me calling my power of attorney a conservatorship which it clearly was not. I feel the court should have known this thereby showing their true intent." (Id.) Plaintiff explains that, because of her medical circumstances, her daughter Orlean Cooper Richards has power of attorney for plaintiff. (Id.)

Plaintiff also broadly alleges that the state court has "admitted other errors" concerning the children's biological mother. (Id. at 4.) Plaintiff asks that this court "acknowledge the violation of my civil and constitutional rights," but she does not clearly seek any damages and/or injunctive relief. (Id.)

Plaintiff's daughter Orlean Cooper Richards submitted a letter in support of her mother's pleading.[4] (Id. at 5.) Orlean explains that CPS removed her sister's two children from her sister's custody and that thereafter she (on plaintiff's behalf) and plaintiff "petitioned for the children." (Id.) Although Ms. Cooper Richards and plaintiff allegedly "petitioned for the children to be placed in my home to keep them together and with the family," however, the placement was denied given plaintiff's falsely "negative CPS history," and for other allegedly improper reasons. (Id.) Ms. Cooper Richards contends that she and plaintiff (for whom she has power of attorney) should have been awarded custody of J., as well as A. and L. (Id.)

Plaintiff attached various other documents to her pleading, including a "power of attorney" document indicating that plaintiff is the guardian for J., adoption documents indicating that Orlean Cooper Richards is the biological aunt and adoptive parent of K., part of an appellate brief regarding child custody that is not clearly related to the facts of this case, and other documents. (Id. at 9-16.)

   c. *No Basis For This Court's Jurisdiction*

Meandering factual allegations and references to multiple grandchildren make it unclear

---

[4] As "Alma Betts" is the only plaintiff named on the pleading's caption, and as "Alma Betts" is the only one who signed the IFP application filed with the pleading, it appears that "Alma Betts" is the sole plaintiff in this case. Ms. Cooper Richards' letter at the fifth page of plaintiff's pleading does not suffice to make Ms. Cooper Richards a named plaintiff in this action. To the extent Orlean Cooper Richards intends to be a second named plaintiff in this case, such intent should be explicitly clarified in an amended pleading, and Ms. Cooper Richards would need to sign and file a separate IFP application with such amended pleading.

1  exactly what plaintiff is alleging, aside from the fact that she believes her grandchildren should
2  have been placed in her custody instead of someone else's.  However, because she appears to be
3  challenging a state-court decision regarding child custody, any such challenge must be made
4  through the state-court appellate process.  Plaintiff may not appeal that state family court decision
5  to this federal court.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–
6  86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923).
7        Under the Rooker–Feldman doctrine, "a losing party in state court is barred from seeking
8  what in substance would be appellate review of the state judgment in a United States District
9  Court, based on the losing party's claim that the state judgment itself violates the loser's federal
10 rights."  Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting Johnson v. DeGrandy,
11 512 U.S. 997, 1005 (1994)).  "'The Rooker-Feldman doctrine provides that federal district courts
12 lack jurisdiction to exercise appellate review over final state court judgments.'"
13 AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1153 (9th Cir. 2007) (quoting Henrichs v.
14 Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007)).  "Essentially, the doctrine bars 'state-court
15 losers complaining of injuries caused by state-court judgments rendered before the district court
16 proceedings commenced' from asking district courts to review and reject those judgments."
17 Henrichs, 474 F.3d at 613 (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S.
18 280, 284 (2005)); accord Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008).
19       The Rooker-Feldman doctrine may also apply, however, where the parties do not directly
20 contest the merits of a state court decision, but file an action that constitutes a "de facto" appeal
21 from a state court judgment.  Reusser, 525 F.3d at 859.  Such a de facto appeal exists where
22 "claims raised in the federal court action are 'inextricably intertwined' with the state court's
23 decision such that the adjudication of the federal claims would undercut the state ruling or require
24 the district court to interpret the application of state laws or procedural rules."  Id. (citation and
25 quotation marks omitted).  "Once a federal plaintiff seeks to bring a forbidden de facto appeal . . ,
26 that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the
27 state court judicial decision from which the forbidden de facto appeal is brought."  Noel v. Hall,
28 341 F.3d 1148, 1158 (9th Cir. 2003); see also Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th

1   Cir. 2003) ("The Rooker-Feldman doctrine prevents lower federal courts from exercising
2   jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court,
3   even where the party does not directly challenge the merits of the state court's decision but rather
4   brings an indirect challenge based on constitutional principles.").

5   Federal district courts lack jurisdiction to conduct direct reviews of state court judgments
6   even when federal questions are presented. Allah v. Superior Ct. of State of Cal., 871 F.2d 887,
7   891 (9th Cir. 1989) ("This rule applies even though the direct challenge is anchored to alleged
8   deprivations of federally protected due process and equal protection rights.") superseded by
9   statute on other grounds as recognized in Harmston v. City and Cnty. of San Francisco, 627 F.3d
10  1273, 1280 (9th Cir. 2010); accord Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal
11  district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review
12  errors allegedly committed by state courts."). Jurisdiction is lacking even if the state court
13  decision is challenged as unconstitutional. Feldman, 460 U.S. at 486; Branson v. Nott, 62 F.3d
14  287, 291 (9th Cir. 1995) ("As courts of original jurisdiction, federal district courts have no
15  authority to review the final determinations of a state court in judicial proceedings. This is true
16  even when the challenge to a state court decision involves federal constitutional issues.")
17  (citations omitted). Litigants who believe that a state judicial proceeding has violated their
18  constitutional rights must appeal that decision through their state courts and may seek review by
19  the United States Supreme Court. See Feldman, 460 U.S. at 482–483; Bennett, 140 F.3d at 1223
20  (noting that the rationale behind the Rooker–Feldman doctrine "is that the only federal court with
21  the power to hear appeals from state courts is the United States Supreme Court").

22  Here, because plaintiff's claims all appear to arise from a California state family court
23  child custody judgment adverse to her, the claims are barred by the Rooker–Feldman doctrine and
24  her complaint is dismissed.[5] However, plaintiff is granted leave to file a First Amended
25  Complaint no later than 45 days from the date of this order. In any First Amended Complaint,

26

---

27  [5]   The undersigned notes that, even if the Rooker-Feldman doctrine ultimately prevents plaintiff
     from pursuing her action in this federal court, plaintiff is not necessarily precluded from pursuing
28  an appeal of the relevant child custody decision(s) in state appellate court.

7

plaintiff should clarify her factual allegations and, if she can, should include facts that might indicate her case is *not* merely a de facto appeal of a state family court custody decision adverse and allegedly injurious to plaintiff.[6] Plaintiff should also clearly state the relief she is seeking, as well as allege facts demonstrating that she is entitled to such relief.

        d. *Plaintiff's Pleading Also Fails To Comply With Federal Rule Of Civil Procedure 8*

The undersigned also dismisses the complaint for failure to comply with the notice pleading standards described above. Each allegation in a pleading must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). Yet plaintiff's allegations are meandering and often lack the context necessary to allow the undersigned to decipher the factual bases of plaintiff's claim(s) and the potential bases for this court's jurisdiction.[7] For example, it is not clear whether plaintiff's claims pertain to state court custody decisions relating to of *all* of her grandchildren (J., K., A., and L.), or just relating to custody of J. It is not clear whether plaintiff seeks monetary damages, injunctive relief, and/or custody of her grandchild(ren). Fed. R. Civ. P. 8(a)(3). It is not clear whether the state family court and CPS defendants are located in a county within the Eastern District of California. Fed. R. Civ. P. 8(a)(1). Further, plaintiff broadly alleges violation of her "civil and constitutional rights" without identifying any particular rights or explaining how and

---

[6] In Noel, the Ninth Circuit Court of Appeals provided a "general formulation" of Rooker-Feldman. Noel, 341 F.3d at 1164. The Court of Appeals explained, in pertinent part, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction." Id.

[7] Fed. R. Civ. P. 8(a)(1) (requiring "short and plain statement of the grounds for the court's jurisdiction"). District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).

1   why they were violated.  (Compl. at 4.)  Although not entirely clear, it appears that plaintiff

2   wishes to allege violations of her due process rights in connection with the family court's ultimate

3   custody/adoption decision(s).[8]

4          Plaintiff shall have leave to provide clarifying factual allegations to the court in order to

5   satisfy Federal Rule of Civil Procedure 8 and to proceed with litigating her case.  The

6   undersigned emphasizes that the problem with plaintiff's complaint is not one of length; it is a

7   problem of clarity and organization.  In her amended pleading, plaintiff should clearly identify the

8   claims that she wishes to pursue and provide succinct and coherent factual allegations supporting

9   each claim.  Plaintiff should consider identifying each claim by an underlined "header," and

10  conveying the factual allegations supporting each claim under that specific header.

11  ////

---

[8] The due process clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty, and property" without due process of law.  U.S. Const., amend. XIV.  "[T]he touchstone of due process is protection of the individual against arbitrary action of government."  Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845 (1998) (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)); see also Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 948 (9th Cir. 2004), overruled on other grounds, Action Apt. Ass'n v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1025 (9th Cir. 2007).

The due process clause confers both procedural and substantive rights — i.e., due process violations can refer either to a denial of fundamental procedural fairness (procedural due process violations) or the exercise of power without any reasonable justification in the service of a legitimate governmental objective (substantive due process violations).  See Lewis, 523 U.S. at 845-46.  "A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection."  Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 970 (9th Cir. 2010).  In regards to a substantive due process claim, the "Due Process Clause of the Fourteenth Amendment protects against any government conduct that 'shocks the conscience.'"  Crowe v. City of San Diego, 608 F.3d 406, 431 (9th Cir. 2010) (citation omitted); see also Krainski, 616 F.3d at 969 ("The guarantee of substantive due process provides heightened protection against government interference with certain fundamental rights and liberty interests.") (citation and quotation marks omitted); Corales v. Bennett, 567 F.3d 554, 568 (9th Cir. 2008) ("Substantive due process forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered liberty.'") (citations and quotation marks omitted).  "To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived [him] of a constitutionally protected life, liberty or property interest."  Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008).

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Plaintiff is also hereby informed that she is obligated to comply with court orders and the rules of litigation procedure, notwithstanding her status as a pro se litigant. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders);

Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).  Accordingly, plaintiff's failure to file an amended pleading by the deadline stated herein will result in a recommendation that this action be dismissed.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed with leave to amend to correct the deficiencies described herein.  The amended pleading shall be titled "First Amended Complaint."
3. Plaintiff is granted 45 days from the entry of this order to file an amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
4. *Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed, and may be construed as plaintiff's consent to such dismissal.*

IT IS SO ORDERED.

Dated:  August 9, 2013

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE