UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA BETTS, | No. 2:13-cv-01486-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| CPS, et al., | |
| Defendants. | |

Plaintiff Alma Betts ("plaintiff"), who is proceeding without counsel, filed her complaint and an application to proceed in forma pauperis on July 24, 2013.[1]  (ECF Nos. 1-2.)  On August 9, 2013, the undersigned granted plaintiff's application to proceed in forma pauperis, dismissed her complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and granted her leave to file an amended pleading within 45 days.  (ECF No. 3.)

Plaintiff failed to file an amended complaint by the 45-day deadline, and the undersigned ordered plaintiff to show cause in writing why this case should not be dismissed given plaintiff's failure to comply with the court's order of August 9, 2013.  (Order to Show Cause ("OSC"), ECF No. 4.)  The undersigned also extended plaintiff's deadline to file an amended complaint.  (Id.)

////

---

[1]  This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

On November 26, 2013, plaintiff filed a three-page handwritten document that appears to have been in response to the undersigned's OSC.  (Response, ECF No. 5.)  Plaintiff's filing vaguely rehashes some of the allegations in her complaint, but the filing is not labeled as an amended complaint, and the undersigned does not construe it as such.  Plaintiff's filing thus fails to satisfy the portion of the OSC requiring her to file an amended pleading by November 30, 2013.

However, plaintiff's Response indicates that plaintiff "never received court documents filed on 8.9.13," and "never received this specific order dated 8.9.13."  (Id. at 2.)   Taking plaintiff at her word and accepting that she never received the court's order of August 9, 2013, the undersigned will not sanction plaintiff for failing to timely file an amended pleading in compliance with that order.  Instead, the undersigned directs the Clerk of the Court to send plaintiff another copy of the relevant order (ECF No. 3), and will give plaintiff a third opportunity to file an amended pleading in accordance therewith.[2]

The undersigned warns plaintiff that, *in the event she fails to timely file the requisite amended pleading,* the court is inclined to recommend the dismissal of plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with this court's order of August 9, 2013 (ECF No. 3), which is incorporated by reference herein.  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local

---

[2]  The undersigned notes that it is plaintiff's responsibility to make sure that the Clerk of the Court has her up-to-date mailing address and contact information. E.D. Cal. L.R. 183(b) ("A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.")  The court's electronic docket does not reflect that any court documents have been returned to the court by the U.S. Postal Service; however, if plaintiff believes her mailing address is inaccurate such that she is not receiving court orders, she should contact the Clerk of the Court and update the address.

Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing <u>in propria persona</u>. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), <u>cert. denied</u>, 506 U.S. 915 (1992); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), <u>cert. denied</u>, 479 U.S. 829 (1986).

Accordingly, IT IS HEREBY ORDERED THAT:

1. Insofar as plaintiff's failure to timely file an amended pleading was caused by her non-receipt of the court's order requiring such pleading (ECF No. 3), the undersigned will not sanction plaintiff at this time. The portion of the Order to Show Cause (ECF No. 4) requiring plaintiff to amend her pleading remains undischarged.
2. Along with a copy of this order, the Clerk of the Court shall *also* mail plaintiff a copy of the order previously issued on August 9, 2013 (ECF No. 3).
3. On or before **February 6, 2014**, plaintiff shall file an amended complaint that

addresses the issues raised in the court's order issued on August 9, 2013 (ECF No. 3).

4. ***Plaintiff's failure to file the amended complaint by the deadline of February 6, 2014, shall constitute an additional ground for, and plaintiff's consent to, the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).***

IT IS SO ORDERED.

Dated: January 3, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE